# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**            **CRIMINAL ACTION**

**v.**            **NO. 16-117-JWD-EWD**

**TIMOTHY COURTNEY**

## RULING AND ORDER

Before the Court is the *Motion in Limine to Exclude Evidence, Questioning, and Argument Regarding Defendant's Self-Serving Hearsay* filed by the United States. (Doc. 53.) The motion is opposed by Timothy Courtney ("Courtney" or "Defendant"). (Doc. 55.) The United States has filed a reply. (Doc. 57.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule.

In sum, the Court finds that the Federal Rules of Evidence preclude the Defendant from introducing or eliciting his own out-of-court statements—including those made on the 18-minute jail call recording—as they are inadmissible hearsay. The Court further finds that Rule 106, the rule of completeness, does not apply because the Defendant has failed to allege how admission of additional excerpts of the recording are relevant and/or necessary to ensure completeness of the evidence. Lastly, Rule 807, the residual exception to hearsay, does not apply, as the Defendant has failed to sufficiently allege any indicia of either reliability or probativeness of the additional excerpts. Consequently, the United States' motion *in limine* is **GRANTED**.

## I. Factual Background

### A. Overview

On August 9, 2016, pursuant to a search warrant, Baton Rouge police officers searched 3936 Odell Street, a residence in Baton Rouge. Timothy Courtney, the Defendant, was present in the residence at the time of the search. During the search, the officers found, amongst other items, a firearm and narcotics. The officers subsequently arrested the Defendant, and he was booked into East Baton Rouge Parish Prison.

On December 8, 2016, a grand jury returned a superseding indictment charging the Defendant with possession of a firearm by a convicted felon (Count 1), in violation of 18 U.S.C. § 922(g), and possession of cocaine base and methamphetamine (Count 2), in violation of 18 U.S.C § 844(a). (Doc. 21.) The Court has ordered the two counts to be tried separately. (Docs. 43, 48.) The trial for Count 1 is set for September 14, 2017, and a pretrial conference is scheduled for August 31, 2017. (Doc. 49.)

### B. The Recording

The instant motion focuses solely on a particular piece of evidence the United States intends to use at trial—an 18-minute jail call recording made on August 11, 2016 at the prison from the Defendant to Tonya Hilliard ("Hilliard"), his alleged girlfriend at the time. The phone call was recorded in its entirety, and both parties have stipulated that the recorded conversation, marked as United States Exhibit 1, is an authentic audio recording of the telephone conversation between Hilliard and the Defendant under Fed. R. Evid. 901. (Doc. 39, Gov. Ex. 1.) This stipulation was authenticated in open court and entered into the record on February 22, 2017. (Docs. 38, 39).

During the conversation between the Defendant and Hilliard, there was discussion about the search of the residence. Specifically, the United States' argues that the Defendant "made incriminating admissions with respect to the firearm found within the residence" and that the United States "intends to introduce excerpts of the aforementioned 18-minute jail call where the defendant discusses the firearm." (Doc. 53-1.)

## II. Parties' Arguments

### A. United States' *Motion in limine*

The United States has filed this motion *in limine* to preclude the Defendant from "introducing his own out-of-court self-serving statements—including but not limited to the remainder of the 18-minute jail call recording—on the basis that they are inadmissible hearsay." (Doc. 53-1 at 2.) The United States urges the Court that while the Federal Rules of Evidence allow the United States to introduce excerpts of the call as admissions of a party opponent, the Rules prohibit the Defendant from using other portions of the call on the basis that they are inadmissible hearsay. As such, the United States asks the Court to "grant the instant motion and preclude the [D]efendant from introducing his own out-of-court statements, including the remainder of the aforementioned 18-minute jail [call] recording." (Doc. 53-1 at 4.) The United States maintains that while Rule 801(d)(2)(A) permits the United States to use the Defendant's statements as statements offered by the party-opponent, the Defendant may not, on direct or cross, introduce any of his own-of-court statements because they are inadmissible hearsay when offered by the Defendant. (Doc. 53-1.)

Further, the United States argues that the rule of completeness does not give the Defendant "*carte blanche*" to introduce the remainder of the recorded jail call. (Doc. 57.) The United States asserts that the Fifth Circuit only permits admission of omitted portions of a

3

recorded statement pursuant to Rule 106 where the omitted portion is "relevant and necessary to qualify, explain, or place into context the portion already introduced." (Doc. 57 at 2.) They argue that the Defendant has not satisfied this specific criteria (i.e., relevance and context), as is required to admit omitted portions under Rule 106. (Doc. 57 at 2-3.) The United States contends that the entire recording remains inadmissible unless the Defendant establishes how the omitted portions of the jail call are relevant and explanatory to the excerpts the Government intends to introduce. (Doc. 57 at 2-3.)

Lastly, the United States argues that the Defendant has failed to meet the "onerous test" set forth by Rule 807. (Doc. 57 at 4.) The Government argues that the Defendant has failed to show how his recorded statements have "equivalent guarantees of trustworthiness," or other indicia of reliability. (Doc. 57 at 4-5.) Additionally, the United States asserts that the Defendant has also failed to show that his recorded statements are "more probative on the point for which they are offered than any other evidence that the proponent can obtain through reasonable efforts"—a factor they claim is also necessary under Rule 807. (Doc. 57 at 4-5.) In sum, the United States maintains that because the Defendant has not even attempted to meet the heavy burden of Rule 807, that the residual exception does not apply and the entire recording remains inadmissible. (Doc. 57 at 5.)

### B. Defendant's Opposition

The Defendant argues that the Court must deny the United States' motion *in limine* because, if the United States chooses to play portions of the recording at trial, then the Defendant is entitled, under the rule of completeness, "to introduce any other part of the recording—or the entire recording." (Doc. 55 at 2.) The Defendant argues that Rule 106, the rule of completeness, gives him "a right to introduce the remainder of a recording if the opposing party only introduces

a portion at trial." (Doc. 55 at 3.) The Defendant further asserts that the rule of completeness "is rooted in fairness," and is an "important established evidentiary staple that protects juries from only hearing a portion of a recording, without the context and understanding that comes with hearing a larger portion of the recording."  (Doc. 55 at 3.)

Defendant maintains that the prescriptions of Rule 106 provide that he may now **require** the United States to introduce the remainder of the recording and may proceed to do so at any time. (Doc. 55 at 4 (citing Fed. R. Evid. 106.).) Furthermore, the Defendant argues that the cases cited by the United States in their motion in limine fail to address recorded statements made by a defendant, and as such, are inapposite to this matter. (Doc. 55 at 4-5.) The Defendant argues that all of the cases cited by the United States do not involve recorded conversations of a defendant, and that recorded statements are treated differently under the Rules of Evidence. (Doc. 55 at 5.)

Alternatively, the Defendant argues that, should the Court find the rules of hearsay to preclude the admission of the entire recording, then the remainder of the recording should be admitted under the residual exception of Rule 807. (Doc. 55 at 5-6.) The Defendant argues that the "interest of justice" will be served by admission of the remainder of the recording because it will provide the jury with "a full chance to evaluate the nature and circumstances of the recorded call and the context of the entire call." (Doc. 55 at 6.) The Defendant maintains that the interest of justice will be "harmed if the jury only hears snippets of a conversation without the true context and understanding of how the statements came to be made and under what circumstances the conversation occurred." (Doc. 55 at 6.) As such, the Defendant urges the Court to find the residual exception applicable to allow admission of other portions of the recording. (Doc. 55 at 6.)

**III. Applicable Legal Standards**

    **A. Federal Rule of Evidence 801(d)(2)**

"Hearsay is any out-of-court statement introduced in evidence for the purpose of proving the truth of the matter contained in the statement." *United States v. Williamson*, 450 F.2d 585, 589 (5th Cir. 1971). Under Fed. R. Evid. 801(d), there are statements which will not constitute hearsay if they meet the specifications laid out by the Rule's two subsections. *Id*. As is relevant here, Rule 801(d)(2) provides that a statement will not be considered hearsay if:

> (2) **An Opposing Party's Statement.** The statement is offered against an opposing party and:
>
> > (A) was made by the party in an individual or representative capacity;
> >
> > (B) is one the party manifested that it adopted or believed to be true;
> >
> > (C) was made by a person whom the party authorized to make a statement on the subject;
> >
> > (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
> >
> > (E) was made by the party's coconspirator during and in furtherance of the conspiracy.

Fed. R. Evid. 801(d) (2).

Essentially, Rule 801(d)(2)(A) provides that a statement is not considered hearsay if it is offered against a party and is the party's own statement. Fed. R. Evid. 801(d)(2)(A).; *see also Khir v. Craft*, No. 12-03113, 2014 WL 2200867, at *2 (W.D. La. 2014) ("An out-of-court statement is admissible non-hearsay if the statement is offered against an opposing party and ... was made by the party in an individual or representative capacity."); *U.S. v. Stevens*, 778 F. Supp. 2d 683 (W.D. La. 2011) ("Out-of-court statement made by defendant is typically classified

as admission, not hearsay, and may be admitted against him.") (internal citation omitted). Furthermore, "[w]hen offered by the government, a defendant's out-of-court statements are those of a party opponent and thus not hearsay;" however, "when offered by the defense, such statements are hearsay." *United States v. Sanjar*, 853 F.3d 190, 204 (5th Cir. 2017).

### B. Federal Rule of Evidence 106: The "Rule of Completeness"

Federal Rule of Evidence 106, the rule of completeness, provides: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time." *Id*. "The opponent, against whom part of a statement has been admitted, should have the right to put in the remainder of the evidence to secure a complete understanding of the total tenor and effect of the statement." *First Nat. Bank of Louisville v. Lustig*, 150 F.R.D. 548, 554–55 (E.D. La. 1993) (quoting *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 168, 109 S. Ct. 439, 449, 102 L.Ed.2d 445 (1988).

In *Beech Aircraft*, the Supreme Court clarified that the rule of completeness "allows presentation of additional information when it will counteract a prejudicial impression created by incomplete information." *First Nat. Bank of Louisville*, 150 F.R.D. at 554-55 (quoting *Beech Aircraft*, 488 U.S. at 171, 109 S. Ct. at 451). "The purpose of Rule 106 is to guard against admission into evidence of truncated statements likely to present an out-of-context picture to the jury." *U.S. v. Stevens*, 778 F. Supp. 2d 683, 708 (W.D. La. 2011) (quoting *U.S. v. Jones*, 663 F.2d 567, 571 (5th Cir. 1981)).

However, there are limits to the application of Rule 106. "The Fifth Circuit has held that the completeness doctrine [ ] does not require introduction of portions of a statement that are neither relevant to nor explanatory of the admitted passages." *U.S. v. Cleveland*, No. 96-207,

7

1997 WL 253120, at *1 (E.D. La. May 14, 1997) (internal citations omitted). Specifically, Rule 106 "restricts a requirement of completeness by the qualification that the portion sought to be admitted must be relevant to the issues, and only the parts which qualify or explain the subject matter of the portion offered by the opponent need be admitted." *Stevens*, 778 F. Supp. at 708 (quoting *U.S. v. Crosby*, 713 F.2d 1066, 1074 (5th Cir. 1983)); *see also U.S. v. Garcia*, 530 F.3d 348, 352 (5th Cir. 2008) (citing *U.S. v. Branch*, 91 F.3d 699 (5th Cir. 1996) ("Rule 106 only allows the admission of portions that are 'relevant and necessary to qualify, explain, or place into context the portion already introduced.' ").

"Rule 106 can adequately fulfill its function only by permitting the admission of some otherwise inadmissible evidence when the court finds in fairness that the proffered evidence should be considered contemporaneously." *U.S. v. Sutton*, 801 F.2d 1346, 1368 (D.C. Cir. 1986).

Further, the Fifth Circuit has noted that the rule of completeness applies, even to exculpatory statements—the exculpatory nature of an excluded statement does not necessarily require its admission under Rule 106. *Cleveland*, 1997 WL 253120, at *2 (internal citations omitted.) The key factor of Rule 106 remains that the omitted portion be "relevant and necessary to qualify, explain, or place into context the portion already introduced." *Id.* at *1 (internal citations omitted).

### C. Rule 807: Residual Exception to Hearsay

The Defendant argues that should the Court not consider Rule 106 to require the admission of the entire recording, then, alternatively, the residual exception of Rule 807 applies. The Fifth Circuit recognizes that the residual hearsay exception contained in Rule 807 "is to be used only rarely, in truly exceptional cases." *See e.g., U.S. v. Walker*, 410 F.3d 754 (5th Cir. 2005); *see also Dartez v. Fibreboard Corp.*, 765 F.2d 456 (5th Cir. 1985) ("Residual exception

8

to hearsay rule, governing statements not specifically covered by other exceptions to hearsay rule but having equivalent circumstantial guarantees of trustworthiness, should be used sparingly."). Rule 807 provides:

> **(a) In General.** Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
>
> > **(1)** the statement has equivalent circumstantial guarantees of trustworthiness;
> >
> > **(2)** it is offered as evidence of a material fact;
> >
> > **(3)** it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
> >
> > **(4)** admitting it will best serve the purposes of these rules and the interests of justice.

Fed. R. Evid. 807(a).

Further, the party seeking to admit a statement under the residual exception bears a heavy burden to come forward with indicia of both trustworthiness and probative force. *U.S. v. Phillips*, 219 F.3d 404 (5th Cir. 2000) (internal citation omitted); *see also Hicks v. Charles Pfizer & Co. Inc.*, 466 F.Supp.2d 799 (5th Cir. 2005) (noting "[f]or a statement to be admissible under the residual hearsay exception, the proponent of the statement bears a heavy burden to come forward with indicia of both trustworthiness and probative force."); *see e.g., Bedingfield ex rel. Bedingfield v. Deen*, 487 F. App'x. 219 (5th Cir. 2012) (finding statements inadmissible under residual exception as they lacked indicia of reliability and trustworthiness even where proponent claimed that prisoner had no motivate to fabricate and his statements had been consistent).

## IV. Analysis

Under the Federal Rules of Evidence, any portions of the recorded call that the Defendant seeks to admit are inadmissible hearsay. However, because the United States is seeking admission of excerpts of the recording, the Court agrees that Rule 801(d)(2)(A) permits the United States to introduce excerpts of the recording as statements offered by a party-opponent. *Id.* Nonetheless, the Defendant urges the Court to find that either Rule 106, the rule of completeness, and/or Rule 807, the residual exception to hearsay, apply and allow the Defendant to now admit additional excerpts of the recording. As explained below, the Court finds that neither of these rules apply and that the Defendant is precluded from introducing or eliciting at trial his own out-of-court hearsay, including the remainder of the jail call recording.

First, the Court finds that Rule 106 does not require admission of the entire recording. It is well-established by the Fifth Circuit that Rule 106 requires the omitted portions to be relevant to the issues, and to qualify or explain the subject matter of the portion offered by the opponent to be admitted. *Crosby*, 713 F.2d at 1074. While the Defendant is correct in asserting that Rule 106 is rooted in principles of fairness, the rule is restricted to situations where the evidence presented has been incomplete or misleading. *Sutton*, 801 F.2d at 1368. Further, the Defendant has failed to sufficiently allege that the portions the United States intends to introduce will create "a prejudicial impression created by incomplete information." *Beech Aircraft*, 488 U.S. at 171. The critical factor necessary for Rule 106 to apply is that the omitted portion be relevant and necessary to the context of the portion already introduced. The Defendant has failed to demonstrate how the omitted portions meet the Rule's specifications. Further, the Court finds, contrary to Defendant's contentions, that the fact that the evidence in question is a recorded statement does not categorically require admission under Rule 106.

Furthermore, the Court concludes that the application of the residual exception to hearsay, contained through Rule 807, is inappropriate here. The residual exception should be used "rarely, in truly exceptional circumstances." *U.S. v. Walker*, 410 F.3d 754 (5th Cir. 2005). As an initial matter, the Defendant has not sufficiently alleged any exceptional circumstances that would trigger the residual exception. Instead, the Defendant loosely alleges that the "purpose of the Rules," and the "interest of justice" will be best served by the admission of the remainder of the recording so that the jury is given a full chance to evaluate the context of the call. (Doc. 55 at 5-6.) Upon review of the call, it is unclear to the Court how other portions of the call are relevant to provide complete evidence to the jury, or how additional excerpts would explain the nature and circumstances of the call. Indeed, the Defendant has also failed to sufficiently indicate what specific "snippet" of the conversation he believes is necessary.

Additionally, the touchstone of Rule 807's application is that the proponent of the statement meet the "heavy burden" of providing indicia of reliability and trustworthiness. Again, the Defendant has failed to even allege how other excerpts of the call are reliable or trustworthy as the Rule requires. The fact that the Defendant made the recorded call to his alleged girlfriend does not, in itself, satisfy the Court of any guarantee of trustworthiness. Lastly, and most importantly, the Defendant also fails to allege, or demonstrate, how the probative force of other excerpts of the call is more probative than other evidence reasonably available to him. The Defendant's Opposition is devoid of any explanation of probativeness—a critical deficiency to his Rule 807 argument.

Because the Defendant has failed to meet the burden for either Rule 106, or Rule 807, the Defendant is precluded from introducing additional excerpts of the recording. The general rules

against admission of hearsay prevent the Defendant from eliciting or introducing his own out-of-court statements, including those contained in the 18-minute jail call.

## VI. CONCLUSION

Accordingly,

**IT IS ORDERED** that the United States' *Motion in Limine to Exclude Evidence, Questioning, and Argument Regarding Defendant's Self-Serving Hearsay* (Doc. 53) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Defendant is precluded from introducing evidence of his own out-of-court statements—specifically, those captured in United States Exhibit 1 (Doc. 39)—on the basis that they are inadmissible hearsay.

Signed in Baton Rouge, Louisiana, on <u>August 30, 2017</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**